SEBRING, Justice.
The appellant, Leonard Gross, sought by a proceeding in equity to obtain declaratory relief against, and to collect the balance of a certain indebtedness due and unpaid from, both the individual appellee, E. Will Cohen, and M.H.C. Realty, Inc., a corporation alleged to be his alter ego. The facts alleged and the theory upon which the appellant based his claim are fully outlined in the opinion of this Court upon an earlier appeal in the cause, wherein it was held that the allegations of the complaint sufficiently stated a case as against the corporate defendant for “a determination of whether M.H.C. Realty, Inc., alter ego of Cohen, can escape responsibility for a debt of Allied Construction Company, alter ego of Cohen, evidenced by a note from that company to Cohen, endorsed by him to the debtor (sic), and secured by an assignment of interests which were not Cohen’s but those of M.H.C. Realty, Inc.” See Gross v. Cohen, Fla., 58 So.2d 703, 704.
Voluminous testimony was taken before a master on the issue, and a decree was entered by the chancellor, in accordance with the master’s findings and conclusions, adjudicating the entire sum in question, $22,500, to be due and owing by Cohen but declaring that there was no liability for the debt on the part of M.H.C. Realty, Inc. The appellant contends on this appeal that upon the facts found by the master the decree is in error insofar as it exonerates the corporate defendant.
The material findings of the master in respect to the critical points in issue are that the defendant Cohen, in connection with his business and speculative activities on Miami Beach, organized several corporations, two of which, M.H.C. Realty, Inc., and Allied Construction Co., were principally concerned in the present litigation; that M.H.C. Realty, Inc., held the ground lease of certain property upon which the Hotel Kimberly was being con *361 structed by Allied Construction Co., as general contractor; that Cohen served as president of both corporations, was sole owner of all stock in the construction firm, and, as of October 31, 1950, had contracted to purchase all stock not already held by him in M.H.C. Realty, Inc., this purchase being finally consummated on December 17, 1950; and that Cohen ran the various entities controlled by him in a somewhat informal manner, and represented himself as being “the whole works” which, in practical effect, he was; that during this time a series of loans were negotiated between Gross and Cohen, through the law firm of Schonfeld and Greenberg, who, with Gross’s knowledge and consent, were representing both borrower and lender simultaneously; that on December 11, 1950, the loan here in controversy was made, merging some prior balance, with a due date of March 10, 1951, evidenced or secured by (1) a note of Allied Construction Co. in the amount of the loan, payable to Cohén and endorsed by him'to Gross; (2) an assignment by Cohen of “all my right, title and interest that I now have and/or may have in that certain hotel now being constructed * * * known as Kimberly Hotel,” and “all sums of money now due or that shall become due to me in connection with the said hotel;” and (3) a post-dated check of another concern, a proprietorship owned by Cohen.
The appellant relies heavily upon the above described assignment, together with the master’s finding that “substantially all of the monies loaned ’by Gross went into the construction of the Kimberly Hotel, and to that extent * * * that M.H.C. Realty benefited therefrom,” to sustain his contention that M.H.C. should be held liable as Cohen’s alter ego or undisclosed principal for the payment of the loans, and that a lien against its assets should be granted for the enforcement of the debt in question.
With reference to the assignment, the master noted in his report that-neither the assignment nor the other documents executed or transferred in connection with the transaction mention M.H.C. Realty, Inc., but purported to deal only with whatever individual interest Cohen might have in the Kimberly Hotel. Under these circumstances the only ground upon which the assignment of Cohen’s rights in the hotel could have been construed to encumber the corporate assets of M.H.C. Realty would be that of “alter ego,” based upon a fraudulent concealment of its existence and its position in the project. But the findings of the master in this respect were that there was a failure of proof that such knowledge was actually withheld; that the giving to Gross of other substantial security, which the parties had every reason at that time to believe would be ample, negated the existence of any fraudulent intent; and that Gross had an opportunity to, and in fact did, conduct an independent investigation, to determine the personal reliability of Cohen and the true status of his holdings in connection with the Kimberly Hotel. Because of these facts, and the fact that the corporate entities involved were organized and operated, in apparent good faith, in accordance with usual business customs in the area, the master found that Gross was precluded from a “piercing of the corporate veil” even if it were true (although the same was categorically denied by Cohen) that “the corporate carcass of M.H.C. was not laid out for inspection” when the loan was made.
We think that this conclusion is in accord with the principles set forth in prior decisions on the point. While the cases recognize that when a corporation “is used to conceal the assets of the individual, or to hinder and delay his creditors in the collection, of their debts, the sole owner and the corporation will be regarded as identical,” Biscayne Realty & Ins. Co. v. Ostend Realty Co., 109 Fla. 1, 148 So. 560, 566, they nevertheless hold that where the issue is involved the complaining party must show that the corporation was actually “organized or used to mislead creditors or to perpetrate a fraud upon them.” Riley v. Fatt, Fla., 47 So.2d 769, 773. As we view the record, the evidence on this *362 issue is such that the court below was clearly warranted, under the rule of the cited cases, in entering the decree appealed from. .
Affirmed.
DREW, C. J., TERRELL, J., and KAN-NER, Associate Justice, concur.