511 So.2d 336 (1987)
Martin S. STEINHARDT and Florida Gold Coast Real Estate III, Inc., Appellants/Cross Appellees,
v.
Vannoy BANKS, Appellee/Cross Appellant.
Martin S. STEINHARDT and Florida Gold Coast Real Estate III, Inc., Appellants,
v.
Vannoy BANKS, Appellee.
Nos. 85-822, 85-998.
District Court of Appeal of Florida, Fourth District.
June 17, 1987.
On Petition for Rehearing September 9, 1987.
*337 Jane Kreusler-Walsh and Larry Klein of Klein & Beranek, P.A., and Alexander Myers, West Palm Beach, for appellants/cross appellees.
Charles W. Musgrove and Phillip T. Crenshaw, West Palm Beach, for appellee/cross appellant.
PER CURIAM.
This is the second dispute between these parties arising out of their brief relationship. See Banks v. Steinhardt, 427 So.2d 1054 (Fla. 4th DCA 1983). At issue in the present appeal is the sufficiency of the evidence to hold Milton Steinhardt individually responsible for the acts of the corporation, Florida Gold Coast Real Estate III, Inc.
Subsequent to the earlier appeal, the parties entered into a pretrial stipulation, agreeing that one of the issues to be tried was whether the corporation, Florida Gold Coast Real Estate III, Inc., should be disregarded as the alter ego of appellant Steinhardt. The stipulation was executed some months after the decision of the Supreme Court of Florida in Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984) (Sykes), on this legal issue, so the prevailing law was known to the parties when they executed their stipulation. Prior to the decision of the supreme court, the parties might have relied on this court's decisions, subsequently overruled, in Vantage View, Inc. v. Bali East Development Corp., 421 So.2d 728 (Fla. 4th DCA 1982) and Dania Jai-Alai Palace, Inc. v. Sykes, 425 So.2d 594 (Fla. 4th DCA 1982) (Dania Jai-Alai), upon the subject of alter ego or instrumentality. Under the supreme court's holding in Sykes appellee was required to prove "improper conduct," in order to pierce the corporate veil and hold the individual appellant liable.
We must leave aside the facts which are not relevant to our inquiry  those that deal solely with the breach of contract action against the corporation  and which do not spill over into the one area of concern  the issue of improper conduct or unjust purpose. We thus accept as proven the breach of contract against the corporation and the damages to be recovered against it, based upon the jury's determination of what the corporation's profits had been from its real estate office, from which appellee, as vice-president, was to receive fifty per cent. Appellant's CPA contended the corporation had a profit of $1,000 in 1979 and a $6,000 loss in 1980. Appellee's CPA contended the corrected profit figure should be $152,619.98 for the thirteen months involved between September 1979 and October 1980. The jury awarded damages in the amount of $48,013.61.
*338 There was not even an allegation pending at trial that the actions of the individual appellant, in his handling of the corporation or his alter ego, were done with the intent to defraud appellee. The third amendment to the complaint was filed in 1983, and apparently relied on the 1982 decisions of this court in Vantage View and Dania Jai-Alai. The amendment said nothing that reflected improper conduct or unjust purpose. In closing argument, appellee's counsel summarized his position to the jury:
They wrote up this contract. There is no question it's a contract, and the judge will rule that as a matter of law that is a contract with Van and the corporation. No question about it. But they really never abided by it, and I suggest that that is so permeating this relationship that the corporation meant nothing and that Van should be entitled and the corporation and Mr. Steinhardt are both liable to Mr. Banks.
The defendant can argue that, sure, there's no fraud or there's no misleading conduct, and you can't show an evil purpose. I'm not saying it's evil and nasty. I'm saying the result is a fraud on Van Banks. It's a misleading result in retrospect. He didn't know it at the time, but it turned out that way, and it's not right.
Hence, even the closing argument speaks only of "a misleading result in retrospect."
Interestingly, the jury instruction proposed by the defendants is a quaint combination of the Sykes test and the alter ego test of Vantage View and Dania Jai-Alai that was rejected in Sykes. Instruction number 5 as amended and given by the court reads as follows:
An officer of a corporation who signs a K [sic] in his Corp. capicity [sic] cannot be held liable in his individual capacity unless he either signed the Contract in his individual capacity or unless the corporate veil is pierced or the corporate entity should be ignored because it was found to be formed or used for fraudulent purposes or where the corporation was merely the alter ego of the shareholder or officer.
If the jury found that "the corporation was merely the alter ego of the shareholder or officer"  to quote the above  that finding would be sufficient, according to this instruction, to pierce the corporate veil.
In its decision in Sykes, the supreme court did not specifically define "improper conduct," but quoted from Roberts' Fish Farm v. Spencer, 153 So.2d 718 (Fla. 1963), which referred to the formation or use of a corporation for some illegal, fraudulent or other unjust purpose. The Sykes court expressly rejected the alter ego or instrumentality test which this court had applied for piercing the corporate veil in Vantage View and Dania Jai-Alai. The supreme court also relied upon Gross v. Cohen, 80 So.2d 360 (Fla. 1955) (misleading or defrauding creditors), and quoted from Advertects, Inc. v. Sawyer Industries, Inc., 84 So.2d 21 (Fla. 1955), respecting the circumstances in which stockholders may be held liable for the debts of their alter ego corporation:
Every corporation is organized as a business organization to create a legal entity that can do business in its own right and on its own credit as distinguished from the credit and assets of its individual stockholders. The mere fact that one or two individuals own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally. If this were the rule, it would completely destroy the corporate entity as a method of doing business and it would ignore the historical justification for the corporate enterprise system.
450 So.2d at 1120 (emphasis added). The supreme court relied further upon Riley v. Fatt, 47 So.2d 769, 773 (Fla. 1950) (mislead creditors or perpetrate a fraud upon them). In sum, the supreme court spoke repeatedly of "improper conduct," and the quotations from the precedents upon which it relied referred to conduct that has a bad aroma.
*339 At trial in the present case, appellant moved for directed verdict on the following grounds:
We've got to have some allegation and some proof of fraud. There is no showing of fraud.
... .
There is total failure to show that this corporation was organized or incorporated to perpetrate a fraud or to mislead creditors.
As the ground for their post-trial motion for directed verdict, appellants likewise referred only to fraud. Accordingly, the trial judge never was given the opportunity to address the broader question of whether there was evidence of "improper conduct" during the life of the corporation, other than fraud, to justify piercing the corporate veil.
The first mention of the term "improper conduct" appears in appellant's brief before this court, although, as we said earlier, all concerned with the trial of the case were aware of the decision of the supreme court in Sykes. Accordingly, we are without the benefit of any discussion at the trial level as to (a) what "improper conduct" might be or (b) what evidence of same was considered as such. Nevertheless, we feel compelled to review the record to see if "improper conduct," as we understand it, was alleged or proved therein  either in the formation or use of the corporation. Based on our understanding of the Sykes decision, our review fails to disclose the existence of any improper conduct that would allow the individual appellant to be held liable for the corporation's acts. There was substantial competent evidence that the corporation was the individual appellant's alter ego, but that without more is not the proper test.
This court, in Tiernan v. Sheldon, 191 So.2d 87, 89 (Fla. 4th DCA 1966), cert. discharged, 200 So.2d 183 (Fla. 1967), summarized the circumstances under which a court should pierce the corporate veil:
Florida decisions uniformly hold that courts will look through the screen of corporate entity to the individuals who compose it in cases in which the corporation was a mere device or sham to accomplish some ulterior purpose, or is a mere instrumentality or agent of another corporation or individual owning all or most of its stock, or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose, or where the corporation was employed by the stockholders for fraudulent or misleading purposes, was organized or used to mislead creditors or to perpetuate a fraud upon them, or to evade existing personal liability.
Eliminating the ambiguous provision "or is a mere instrumentality or agent of another corporation or individual owning all or most of its stock" from the Tiernan opinion leaves a workable formula for applying the Sykes reference to "improper conduct."
For the reasons set out above, namely the lack of evidence of improper conduct as required by Sykes, we reverse judgment against the individual defendant and remand with direction to enter judgment in his favor. The judgment against the corporate defendant has not been appealed and is unaffected.
HERSEY, C.J., DOWNEY and GLICKSTEIN, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
We deny appellee's petition for rehearing except with respect to the error asserted in paragraph 4 thereof. We eliminate the last sentence of the opinion to the effect that the cross appeal was moot. Appellee is entitled to pre-judgment interest on the judgment against the corporate appellant. It was error for the trial court not to award it; and we reverse and remand with direction to do so.
HERSEY, C.J., and DOWNEY and GLICKSTEIN, JJ., concur.