DOWNEY, Judge.
This is an appeal from a final judgment in supplementary proceedings awarding the judgment creditor, Express One International, Inc., (Express One) a judgment for $469,791.08, plus interest, against implead-ed third parties.
It appears that Express One filed a motion for supplementary proceedings and for impleader of third parties alleging, among other things, that Express One was a judgment creditor of appellant Clyde Mash, and that the sheriff held an unsatisfied writ of execution on said judgment. It further alleged that the pending proceeding was one to set aside certain fraudulent conveyances of property between the aforesaid judgment debtor, Clyde Mash; Judy Webb Mash, Clyde’s wife; Christopher Mash, Clyde’s son; and Royal Aviation Systems, Inc., and to have such property levied upon to partially satisfy said judgment. The motion states that the named corporation was the alter ego of Clyde Mash and was formed and used with the intent of hindering, delaying and defrauding creditors, especially Express One. In furtherance of said fraudulent intent, it is alleged that Christopher Mash, Royal Aviation, Inc., and Clyde Mash executed at least two checks on Royal Aviation’s corporate account amounting to a total of $275,000 to Judy Webb Mash, which funds belonged to the judgment debtor, Clyde Mash. It is also alleged that said transfer was permeated with numerous badges of fraud, such as, but not restricted to, the following facts: 1) the funds represented a recent sales commission earned by Clyde Mash, 2) the transfer was made within one month after the debtor made a motion for entry of the final judgment which is the subject of this proceeding, and 3) the transfer was made without consideration. Finally, the motion alleges in Paragraph 11:
Immediately after the court entered Judgment against Defendant/Judgment Debtor, E. CLYDE MASH, CHRISTOPHER MASH, ROYAL, JUDY WEBB MASH and Defendant/Judgment Debtor E. CLYDE MASH embarked upon an illegal course of conduct to place any and all of E. CLYDE MASH and ROYAL’S assets and funds outside the reach- of Plaintiff with the intent to hinder, delay or defraud collection by Plaintiff of its then existing, lawful and unsatisfied default Judgment against E. CLYDE MASH, in violation of Florida Statutes, Chapter 726 including, but not limited to, § 726.105 and § 726.106. In furtherance of said fraudulent intent and purpose, CHRISTOPHER MASH, ROYAL and E. CLYDE MASH, executed at least two corporate checks amounting to $275,-000.00 to JUDY WEBB MASH. Said amount representing at least a portion of the commission E. CLYDE MASH and ROYAL received in consideration for the services of Judgment Debtor E. CLYDE MASH who acted as the broker during the recent sale of a Boeing 707.
In due course, the trial judge issued an Order to Show Cause, finding that the *1156 judgment creditor had made a prima facie showing for the impleader of said third parties due to the transfer of “[fjunds in the amount of $275,000.00 transferred from the corporate account of ROYAL AVIATION SYSTEMS, INC. to JUDY WEBB MASH on May 20, 1989 and June 1, 1989.” The court ordered that the third party defendants were impleaded in this action and required to appear before this court at a hearing on a specified day “to show cause why the above described property [$275,000] should not be applied in satisfaction to the judgment against the Defendant in execution.”
The impleaded third party defendants responded to the rule to show cause denying that the funds of $275,000 ever belonged to Clyde Mash and alleged that said funds were the property of the named corporation and its sole stockholder, Judy Webb Mash, and described their source and purpose. No reference was made to any other alleged assets of Clyde Mash in the hands of said parties. Shortly thereafter, Express One filed a Second Amended Petition for Supplementary Proceedings and for Im-pleader of Third Parties, in which the scope of the property sought was broadened to cover all of Clyde Mash’s “commission earnings, assets and personal property” which he had placed out of reach of the judgment in question for the purpose of hindering, delaying and defrauding Express One.
After a two-day trial without a jury, the trial court entered a final judgment against the named third party defendant, finding that said defendant had been properly im-pleaded satisfying all due process requirements. Based upon the evidence adduced at trial and through discovery, the trial judge found that Clyde organized and controlled numerous corporations, including Royal Aviation Systems, Inc., for the purpose of hindering, delaying and defrauding his creditors and secreting his assets from execution; that Judy Mash was simply “an extension” of her husband placed in an ownership role of Royal Aviation and other corporations to defraud creditors — this allegation was confirmed by the testimony of Judy Mash; that Royal Aviation was the alter ego of Clyde Mash and the transfer of the $275,000 from Royal to Judy was the equivalent of a direct transfer from Clyde to wife, Judy. The court found that Clyde had caused to be transferred almost all of the assets of Royal to family members to avoid creditors. For example, part of the $275,000 was used by Judy to purchase a home in Fort Lauderdale. In addition, other Royal Aviation funds were used to buy automobiles for the use of family members with the title placed in Judy’s name.
The judge, thereupon, ordered and adjudged that Royal Aviation Systems, Inc., was a sham and the alter ego of E. Clyde Mash and that property in the possession and control of Royal Aviation comprises property subject to execution to satisfy Express One’s judgment. The court, therefore, entered judgment against all of the impleaded third party defendants in the full amount of Express One’s judgment, i.e., $469,791.08, plus interest at 12% per an-num from January 21, 1988. In addition, it ordered garnishment of all bank accounts in the names of said defendants including the automobiles in the name of Judy Webb Mash. Finally, the court entered an injunction against further dispositions and transfers of assets in the possession of the im-pleaded defendants.
In their first appellate point, the implead-ed defendants contend that the trial court erred in entering judgment for Express One for $469,791.08, whereas the only property addressed in the order to show cause was funds in the defendants’ hands amounting to $275,000. While we do not believe the point accurately focuses upon the judicial error involved, we do find the record deficient in supporting the judgment entered by the trial court.
Except as modified in some incidental aspects[1] the cases have clearly set out the procedure to be followed by a judgment *1157 creditor seeking to engage in supplementary proceedings against a third party who allegedly holds assets subject to his claim. Robert B. Ehmann, Inc. v. Bergh, 363 So.2d 613 (Fla. 1st DCA 1978); Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984); Conway Meats, Inc. v. Orange Avenue Partnership, 440 So.2d 674 (Fla. 1st DCA 1983). These cases provide that, when a judgment creditor files a motion for supplementary proceedings and alleges that the sheriff holds an unsatisfied execution:
The trial court should conduct an examination of the judgment creditor or appoint a master to do this for it. Section 56.29(2), Florida Statutes. If the examination of the judgment creditor establishes the judgment creditor’s claim to property in the hands of third parties, the trial court should issue an order to show cause [now an order of impleader] setting forth the findings of specific assets or transactions to which the third parties can respond in writing prior to further hearings.
363 So.2d at 614. The third party defendants are thereby assured of notice and an opportunity to be heard. In the present case, the proper procedure was followed. Express One made a prima facie case and the court entered a rule to show cause; however, it referred only to the $275,000 fund transferred by Royal Aviation to Judy Mash. If the matter ended there, appellants would have a legitimate due process complaint because of the size of the judgment entered herein. However, as set out above, Express One filed an amended motion that enlarged the scope of the property sought from the third party defendants. And, had it proven the transfer or possession of specific property belonging to the debtor, would have been entitled to execution against said property. The problem here is that, while the defendants were on notice that Express One was claiming that more property than the $275,000 had been secreted, in large measure it simply failed to prove the specific property referred to. It seems clear to us that the judgment creditor is entitled to a judgment authorizing execution upon specific assets which the creditor in these proceedings proves are in the possession or control of the implead-ed defendants. As we view this record, there are simply general allegations of transfers of “all assets and property” but no adequate specific showing of reachable property except possibly the $275,000 fund[2] and additional money that went into automobiles and gifts to family members. However, even some of those items are too vague to support an order authorizing execution.
In conclusion, we are satisfied that a judgment in some amount is justified. This, of course, is supported by appellant’s concession that a judgment against Judy Mash in the amount of $54,600 could be found by the court to be appropriate. Above and beyond that concession, we believe the record supports a further award for the judgment creditor. However, we are unable to fix the amount thereof. In view of the clear evidence of fraud on the part of E. Clyde Mash and the evident participation of the other impleaded defendants, we feel compelled to reverse the judgment of $469,791.08 and remand the cause for further proceedings to establish the specific property in the hands of the impleaded defendants which should be subjected to execution of Express One’s judgment.
REVERSED AND REMANDED with directions.
HERSEY and DELL, JJ., concur.

. According to Trawick’s Florida Practice and Procedure, 1990 ed., § 27-9, the former procedure to implead third parties by issuance of a rule to show cause has been abolished and the procedure is now initiated by obtaining an order of impleader.

. Even as to that fund there appears to be unre-butted evidence that part of it was returned to the corporation by Judy Webb Mash.