673 So.2d 981 (1996)
The MOORINGS AT ABERDEEN HOMEOWNERS ASSOCIATION, INC., The Shores at Aberdeen East Homeowners Association, Inc., The Coves at Parkwalk Condominium Association, Inc., and The Landings at Parkwalk Homeowners Association, Inc., Appellants,
v.
UDC HOMES, INC., Appellee.
No. 95-0467.
District Court of Appeal of Florida, Fourth District.
May 29, 1996.
*982 Wm. Reeves King of St. John, King & Dicker, West Palm Beach, for appellants.
Michael W. Moskowitz and Greg H. Rosenthal of Moskowitz, Mandell & Salim, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
We reverse the trial court's dismissal of Count IV of appellants' Amended Fifth Amended and Supplemented Complaint with prejudice, which count was the only count against appellee. In our view, the trial court erroneously concluded that appellants' pleading failed to allege sufficient facts to pierce the corporate veil of the other defendant corporations to reach appellee.
Sunbelt Properties, Ltd. ("Sunbelt"), UDC Advisory Services, Inc. ("UDC Advisory"), and UDC Homes, Inc. ("UDC Homes") were the developers of a planned residential and commercial development now known as Aberdeen. UDC Homes is the parent company of UDC Advisory, which in turn is the general partner of Sunbelt. The developers created a Master Association known as Aberdeen Property Owners Association, Inc. (hereinafter referred to as "Aberdeen POA" as in the appellate briefs, but note that it is referred to as "Master Association" in the complaint). Sunbelt, UDC Advisory, UDC Homes and Aberdeen POA were the defendants in the action below. The plaintiffs were three homeowners associations and one condominium association which were organized as not-for-profit corporations to operate as sub-associations under the Aberdeen Declaration. As set forth in the Declaration, they are members of Aberdeen POA. In addition to being a party to the Declaration, Sunbelt is also a sub-association and a member of Aberdeen POA.
Plaintiffs/appellants' seven count complaint included counts of breach of contract, equitable subrogation, injunction, accounting and unjust enrichment against Sunbelt, UDC Advisory and Aberdeen POA. The counts against Aberdeen POA were premised on its actions in assessing fees and several other alleged Declaration violations. The counts against Sunbelt were premised on its dual status as a party to the Declaration with control over Aberdeen POA and as a co-sub-association member of Aberdeen POA which was benefitted by the actions of Aberdeen POA. The counts against UDC Advisory were premised on its status as general partner of Sunbelt. Additionally, there was one count against UDC Homes/appellee, count IV, which sought to pierce the corporate veil of the other defendants in order to hold UDC Homes liable.
Count IV alleged the following. UDC Homes was the parent and sole shareholder of UDC Advisory, and UDC Advisory was the general partner of Sunbelt. Through its dominion over UDC Advisory, UDC Homes usurped the power to control Sunbelt as both developer and as a member of Aberdeen POA. UDC Homes exercised its dominion over Sunbelt, who had the power to appoint each director to Aberdeen POA, by controlling the appointment of directors to Aberdeen POA. UDC Homes funded Sunbelt's share of the Aberdeen POA common expenses because Sunbelt was and is without sufficient financial resources to meet its obligations as developer and as a member of Aberdeen POA. Sunbelt was dependent upon funds from UDC Homes to pay the sums it was required to pay to Aberdeen POA for its share of the common expenses.
In lieu of paying the assessments levied against it by Aberdeen POA for estimated common expenses, Sunbelt had the option of paying the difference between the actual amount of common expenses incurred by Aberdeen POA and the amount of money paid by the other members of Aberdeen POA pursuant to assessments for common expenses. Since UDC Homes funded Sunbelt's obligation to pay common expenses, it was in UDC Homes pecuniary interest to minimize the amount Sunbelt was required to pay as its share of common expenses.
UDC Homes implemented a plan whereby all or part of Sunbelt's share of the common *983 expenses were improperly shifted to and collected from plaintiffs/appellants. UDC Homes caused the estimated common expenses to be deliberately inflated and caused Aberdeen POA to assess and collect money from plaintiffs/appellants for alleged common expenses which Aberdeen POA knew would not be actually incurred. The deliberate inflation of the common expense estimates caused plaintiffs/appellants to pay a greater share of the common expenses than they were required to pay and enabled Sunbelt and UDC Homes to avoid paying Sunbelt's proper share of the common expenses.
Subsequently, through its control over Sunbelt and Aberdeen POA, UDC Homes caused Aberdeen POA to adopt a new method of calculating common expense assessments, namely using a different fraction/ratio concerning the number of residential units. This new method continued to cause plaintiffs/appellants to be assessed a greater share of the common expenses than they were obligated to pay under the Declaration and reduced Sunbelt's share of the common expenses.
Count IV further alleged that UDC Advisory was and is a sham corporation and that UDC Homes exerted its control over UDC Advisory and caused the separate corporate identity of UDC Advisory to be ignored in order to gain an economic benefit to UDC Homes. UDC Advisory was the alter ego of UDC Homes and UDC Homes used UDC Advisory "as a mere device to engage in improper conduct of managing Sunbelt and the Master Association [Aberdeen POA] in a manner contrary to the Declaration in order to obtain a financial benefit for Sunbelt and UDC Homes," to the detriment and expense of plaintiffs/appellants.
The foregoing allegations were sufficient to meet the requirements of Steinhardt v. Banks, 511 So.2d 336, 339 (Fla. 4th DCA), rev. denied, 518 So.2d 1273 (Fla.1987).
GLICKSTEIN, WARNER and POLEN, JJ., concur.