PARIENTE, BARBARA, J., Associate Judge.
This appeal arises from proceedings supplementary in aid of execution on a judgment obtained against appellant Mohsen Rashdan, M.D. (Dr.- Rashdan). We reverse because the trial court should not have allowed execution on the assets of appellant Mohsen Rash- - dan, M.D., P.A. (Rashdan, P.A), in the absence of any allegations or evidence of fraud, fraudulent transfer or other improper conduct' on the part of either Dr. Rashdan or his professional association. ,
Even though Dr. Rashdan was the sole owner of Rashdan, P.A., this ownership interest alone does not entitle appellees to the assets of the professional association. The corporate veil cannot be pierced absent a showing of improper conduct, or that the corporation was organized or employed for some fraudulent purpose or to mislead creditors. See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984); The Moorings at Aberdeen Homeowners Ass’n, Inc. v. UDC Homes, Inc., 673 So.2d 981 (Fla. 4th DCA 1996); Acquisition Corp. of America v. American Cast Iron Pipe Co., 543 So.2d 878 (Fla. 4th DCA 1989); Steinhardt v. Banks, *358 511 So.2d 336, 338 (Fla. 4th DCA 1987). This legal principle is predicated on the theory that:
Every corporation is organized as a business organization to create a legal entity that can do business in its own right and on its own credit as distinguished from the credit and assets of individual stockholders. The mere fact that one or two individuals own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders. ... If this were the rule, it would completely destroy the corporate entity as a method of doing business and it would ignore the historical justification for the corporate enterprise system.
Dania Jai-Alai, 450 So.2d at 1120 (emphasis supplied). Here, there were no allegations or evidence to entitle appellees to pierce the corporate veil.
The pleadings in this case were also devoid of any allegations or evidence that there was an improper transfer of assets from Dr. Rashdan to his professional association, which might have allowed appellees to reach the assets of the professional association. See generally Morton v. Cord Realty, Inc., 677 So.2d 1322 (Fla. 4th DCA 1996); Amjad Munim, M.D., P.A. v. Azar, 648 So.2d 145 (Fla. 4th DCA 1994). While subsections 56.29(5) and (6), Florida Statutes (1995), provide a mechanism to enable a trial court in proceedings supplementary to hold a professional association liable for the debts of its individual shareholder, the allegations and evidence in this case showed nothing more than the fact of sole ownership. There were no allegations or evidence in this case of any of the numerous “badges of fraud,” which might have established fraud. Munim, 648 So.2d at 152; § 726.105(2).
This case can be distinguished from Mun-im where a successor professional association was established only to avoid liability for a judgment against the predecessor professional association. This case is also distinguishable from Ferre v. City Nat’l Bank of Miami, 548 So.2d 701 (Fla. 3d DCA 1989), relied on by appellees, where the very basis of the supplemental proceedings were allegations of fraudulent conveyances and conspiracy. See also Mash v. Express One Int'l Inc., 585 So.2d 1154 (Fla. 4th DCA 1991).
In this case, it appears that the sole reason the trial court allowed appellees to obtain assets of Rashdan, P.A. was that Dr. Rash-dan owned 100% of the professional association. Accordingly, we reverse.
STONE, C.J., and GUNTHER, J., concur.