735 So.2d 542 (1999)
OCALA BREEDERS' SALES COMPANY, Appellant,
v.
HIALEAH, INC., et al., Appellees.
No. 97-3152.
District Court of Appeal of Florida, Third District.
May 26, 1999.
Rehearing Denied July 21, 1999.
Holland & Knight and Daniel S. Pearson and William F. Hamilton and Lucinda A. Hofmann, Miami, for appellant.
Colodny, Fass & Talenfeld and Stuart B. Yanofsky, Miami, for appellees.
Before COPE, LEVY, and GODERICH, JJ.
*543 PER CURIAM.
The plaintiff below, Ocala Breeders' Sales Company [Ocala Breeders'], appeals from the trial court's order approving the General Master's Report and Recommendations that did not allow Ocala Breeders' to pierce Hialeah Park, Inc.'s corporate veil. We reverse.
Hialeah Park is the wholly-owned subsidiary of Hialeah, Inc. Hialeah, Inc. operates the Hialeah Park Racetrack [race-track]. Hialeah Park is in charge of non-race-related activities at the racetrack such as leasing the facilities for weddings, etc. The undisputed facts showed that Hialeah Park has never had a bank account and that it has never been capitalized. Further, because Hialeah Park turns its receipts directly over to Hialeah, Inc., Hialeah Park has never earned a profit.
In 1984, Ocala Breeders' entered into a lease with Hialeah Park for the use of the sales pavilion at the racetrack. Under the lease, Hialeah Park agreed to spend $1,500,000 to renovate and refurbish the sales pavilion and other areas of the racetrack. Hialeah Park failed to make the required improvements. As a result, Ocala Breeders' filed suit and obtained a judgment against Hialeah Park.
When attempting to execute on its judgments, Ocala Breeders' learned that Hialeah Park had no assets to satisfy the outstanding judgments. As a result, Ocala Breeders' brought proceedings supplementary under section 56.29, Florida Statutes (1997), seeking to hold Hialeah, Inc. liable for the judgment against its subsidiary, Hialeah Park. Ocala Breeders' impleaded Hialeah, Inc., and this proceeding was heard before a general master. The general master entered its order recommending that judgment be entered in favor of Hialeah, Inc. The trial court overruled the objections filed by Ocala Breeders' and entered judgment in favor of Hialeah, Inc. This appeal followed.
Ocala Breeders' contends that, under the undisputed facts, the trial court erred by not piercing Hialeah Park's corporate veil. We agree.
"[T]o pierce the corporate veil under Florida law, it must be shown not only that the wholly-owned subsidiary is a mere instrumentality of the parent corporation but also that the subsidiary was organized or used by the parent to mislead creditors or to perpetrate a fraud upon them." USP Real Estate Inv. Trust v. Discount Auto Parts, Inc., 570 So.2d 386, 390 (Fla. 1st DCA 1990); see Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984). In determining whether the corporate veil should be pierced, the relationship between the parent corporation and its subsidiary must be examined. Dania Jai-Alai Palace, Inc. v. Sykes, 425 So.2d 594, 599 (Fla. 4th DCA 1982).
The undisputed facts show that Hialeah Park was the mere instrumentality of Hialeah, Inc. For example, both Hialeah Park and Hialeah, Inc. were controlled by the same person; Hialeah Park operated out of the same facilities as Hialeah, Inc.; Hialeah Park's contracts were performed by employees of Hialeah, Inc.; Hialeah, Inc. owned all of Hialeah Park's stocks; Hialeah Park has never been capitalized and all funds earned by Hialeah Park were directly deposited into Hialeah, Inc.'s bank account; Hialeah Park's financial obligations were paid by checks drawn on Hialeah, Inc.'s bank account; and Hialeah Park had no bank accounts.
These same facts also show that the subsidiary, Hialeah Park, was used by the parent, Hialeah, Inc., to "mislead creditors or to perpetrate a fraud upon them." Although Hialeah Park has never been capitalized and will never be capitalized since it directly turns its receipts over to Hialeah, Inc., Hialeah Park entered into an agreement with Ocala Breeders' requiring it to make $1,500,000 in improvements. Under the circumstances, Hialeah Park entered into the agreement even though it *544 did not have the ability to fulfill the contract. As such, Hialeah Park fraudulently mislead Ocala Breeders'. See Southeast Capital Investment Corp. v. Albemarle Hotel, Inc., 550 So.2d 49 (Fla. 2d DCA 1989). Therefore, the trial court erred by approving the General Master's Report and Recommendation, and instead should have allowed Ocala Breeders' to pierce Hialeah Park's corporate veil.
Reversed.