RAMIREZ, C.J.
 

 This is a petition for certiorari review of an order denying plaintiffs’ motion to compel the deposition of R. Donahue Peebles and granting an indefinite stay of this entire action against all defendants pending the completion of the bankruptcy proceeding of only one defendant, PADC Marketing, LLC. Because the order departs from clear legal precedent, we grant the petition.
 

 Petitioner Dora Puig is a licensed real estate sales broker and is the Director of the Petitioners Puig Group, Inc. and Dora Puig, P.A. Respondent Collins Avenue Associates, LLC is the original developer and owner of a high end condominium complex called the Residences at the Bath Club, located in Miami Beach, Florida.
 
 *46
 
 Respondent Peebles is the president, owner, managing member, and sole member of Collins Avenue. Peebles exercised complete control over all the aspects relating to the development and management of the Bath Club. Respondent PADC is the sales and marketing arm of the Collins Avenue. Peebles is the owner and sole managing member of PADC. It is undisputed that Peebles, PADC, and Collins Avenue are separate and distinct entities.
 

 Collins Avenue contractually retained Puig, first as a marketing consultant and after the Bath Club’s public opening, as the Director of Marketing and Sales. In early 2002, Peebles requested that Puig consent to an assignment of the contract to a new company, PADC. Plaintiffs have alleged that, after prolonged negotiations, Puig agreed to the assignment of her contract to PADC, but with the caveat that she did not consent to any limitation on her right to collect compensation from Collins Avenue. They further have alleged that respondents eventually breached their contracts, leading to the filing of their complaint on May 5, 2006. They argue in their petition for certiorari that the claims against Collins Avenue and Peebles are independent claims and can be tried without inclusion of PADC. On April 6, 2009, petitioners noticed this case for trial and the court issued, on April 14, 2009, a Uniform Order Setting Cause for Jury Trial for the two week trial period commencing August 3, 2009.
 

 During the litigation, petitioners had been attempting to depose Peebles. They noticed his deposition for May 7-8, 2009 and noticed the deposition of the corporate representative of Collins Avenue for May 19, 2009. On April 27, 2009, ten days before Peebles’ scheduled deposition and over a month after it was noticed, PADC filed for bankruptcy in the Southern District of Florida. That same day, respondents’ counsel informed petitioners’ counsel that Peebles would not be appearing for his May 7 deposition.
 

 In
 
 Malloy v. Gunster Yoakley, Valdes-Fauli & Stewart, P.A.,
 
 850 So.2d 578, 580-81 (Fla. 2d DCA 2003), where the petitioners sought a writ of certiorari to avoid the effect of the trial court’s order abating their action, the court stated that the petitioners must establish that the lower court departed from the essential requirements of the law. The court concluded that cer-tiorari jurisdiction was appropriate review of an order staying a case. Likewise here, the trial court violated a clearly established principle of law and departed from the essential elements of law by indefinitely staying this action. The stay will cause material injury to the petitioners in that their action against Collins Avenue and Peebles was improperly stayed pending the resolution of PADC’s bankruptcy proceedings by the United States Bankruptcy Court, a court without jurisdiction over petitioners’ claims against Peebles and Collins Avenue.
 

 The filing of a bankruptcy petition imposes an automatic stay under the United States Bankruptcy Code.
 
 See
 
 11 U.S.C. § 362. The bankruptcy stay is imposed by Congress, protects the debtor, and is triggered by the filing of a voluntary or involuntary petition. The scope of the automatic stay, however, does not include the non-debtors, Collins Avenue and Peebles. As a result, the only way that this action could be properly stayed is through the discretionary power of the lower court. A stay for an indefinite time frame (through the bankruptcy proceeding), like what happened here, is overbroad and improper.
 

 Although the scope of the automatic stay under section 362 is broad, the clear language of section 362(a) stays actions only against a “debtor.”
 
 Maritime Elec. Co., Inc. v. United Jersey Bank,
 
 959
 
 *47
 
 F.2d 1194, 1204 (3d Cir.1991). The language of section 362 refers only to actions against the debtor and does not relate to any other interparty claims.
 
 See In the Matter of Johns-Manville Corp.,
 
 26 B.R. 405, 409 (S.D.N.Y.1983). Both federal and state courts in Florida have followed the general rule that the United States Bankruptcy Code generally stays proceedings against the debtor alone, in this case, PADC, which is the only party to this matter that has sought protection from the bankruptcy court.
 
 See W.W. Gay Mech. Contractor, Inc. v. Wharfside Two, Ltd.,
 
 545 So.2d 1348, 1350 (Fla.1989) (“Generally, the protections of the automatic stay do not apply to a codefendant not in bankruptcy.”).
 

 Because Collins Avenue guaranteed PADC’s obligation to Puig, both sides argue the applicability of
 
 A.H. Robins Co., Inc. v. Piccinin,
 
 788 F.2d 994 (4th Cir.1986). We read the
 
 A.H. Robins
 
 decision as authorizing courts to extend the automatic stay to non-bankrupt co-defendants only in “unusual circumstances.”
 
 Id.
 
 at 999. Such an unusual situation, as explained in
 
 A.H. Robins
 
 would be “when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.”
 
 Id.
 
 Because the trial court did not find such an unusual situation existed, nor do we conclude that such a finding would be warranted, we grant the petition for writ of certiorari and quash the order staying the entire action.