PER CURIAM.
Norberto Sanchez appeals from the trial court’s non-final order granting Renda Broadcasting Corporation’s (“Renda”) amended motion for proceedings supplementary and impleading Sanchez as a defendant in Renda’s suit against Norsan Group, Inc. (“Norsan”). On appeal, Sanchez argues that the use of proceedings supplementary pursuant to section 56.29, Florida Statutes (2012), is not permitted unless the judgment creditor alleges that the judgment debtor fraudulently transferred assets to a third party. We disagree and affirm.
In 2006, Norsan entered into a lease with Renda. Subsequently, Renda sued Norsan alleging non-payment of rent, and Renda ultimately obtained a judgment against Norsan. Norsan failed to satisfy that judgment, prompting Renda to file a motion for proceedings supplementary seeking to implead Sanchez as a defendant. The motion alleged that Sanchez was the sole shareholder, director, and officer of Norsan. It further alleged that during a deposition, Sanchez testified that Norsan had no assets at the time it entered into the lease with Renda; that Nor-san has never had a bank account; that Norsan “had no business” and did not file tax returns; and that “[tjhere was no purpose for Norsan.” Lastly, the motion alleged that Sanchez had engaged in improper conduct by allowing Norsan, an undercapitalized shell corporation, to enter into the lease with Renda. Accordingly, Renda sought to pierce the corporate veil so that it could hold Sanchez personally liable for Norsan’s debt to Renda. The trial court granted Renda’s motion and impleaded Sanchez as a defendant. This timely appeal followed.
On appeal, Sanchez argues that the trial court erred in granting Renda’s motion for proceedings supplementary because Renda failed to allege that Norsan fraudulently transferred assets to Sanchez in an attempt to defraud its creditors. We review an order granting a motion for proceedings supplementary de novo. See Mejia v. Ruiz, 985 So.2d 1109, 1112 (Fla. 3d DCA 2008).
Proceedings supplementary under section 56.29 are special statutory “proceedings subsequent to judgment to aid a judgment creditor in collecting his judgment against the judgment debtor.” Rosenfeld v. TPI Intl. Airways, 630 So.2d 1167, 1169 (Fla. 4th DCA 1993). In order *629 to initiate proceedings supplementary, section 56.29 requires that the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding. § 56.29(1), Fla. Stat. (2012). Once these requirements are met, the statute must be liberally construed so as to afford the judgment creditor with the most complete relief possible. Mejia, 985 So.2d at 1112; see also Amjad Munim, M.D., P.A. v. Azar, 648 So.2d 145, 151 (Fla. 4th DCA 1994) (“Proceedings supplementary are equitable in nature and should be liberally construed.”). Although proceedings supplementary may be used to implead a third party in cases where the judgment debtor has made a fraudulent transfer to the third party, see § 56.29(6), Fla. Stat., the statute does not require a judgment creditor to allege a fraudulent transfer in order to use proceedings supplementary to aid in the execution of its judgment.
Contrary to Sanchez’s argument on appeal, there is authority to support the use of proceedings supplementary to pierce the corporate veil absent an allegation of a fraudulent transfer. See Ocala Breeders’ Sales Co. v. Hialeah, Inc., 735 So.2d 542, 543-44 (Fla. 3d DCA 1999) (reversing order denying judgment creditor’s request to use proceedings supplementary to implead parent corporation and pierce corporate veil where judgment debtor was subsidiary corporation that had no assets or bank account and had never been capitalized; holding that judgment debtor was “mere instrumentality” of parent corporation and that judgment debtor fraudulently misled judgment creditor by entering into lease even though it had no ability to fulfill its obligations under that contract); see also Rashdan v. Sheikh, 706 So.2d 357, 357 (Fla. 4th DCA 1998) (reversing judgment entered against impleaded defendant due to “absence of any allegations or evidence of fraud, fraudulent transfer or other improper conduct on the part of either [the impleaded defendant] or his professional association, [the judgment debtor]” (emphasis added)). Just as in Ocala Breeders’ Sales Co., Renda alleged improper conduct by the judgment debtor and a third party: it stated that Norsan entered into the lease although it had no assets to pay rent and that Sanchez “us[ed] an undercapital-ized shell company [for his] personal benefit .... ” Accordingly, we affirm the trial court’s order impleading Sanchez as a defendant.
AFFIRMED.
PALMER, COHEN and WALLIS, JJ., concur.