# Third District Court of Appeal

## State of Florida

Opinion filed May 30, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1585
Lower Tribunal No. 13-3923

_____

**P & S & Co. LLC (P & S & CO), PS Inc., Shayeh Dove or Dov
a.k.a. Steve Dov or Dove, Allura Dov or Dove a.k.a Adina Soskin,
and Pamela Manson,**
Appellants,

vs.

**SJ MAK, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Tom Regnier Appeals, P.A. and Thomas Regnier (Sunrise), for appellants.

Trujillo Vargas Gonzalez & Hevia, LLP and Anthony C. Hevia and Stephanie C. Hopple, for appellee.

Before FERNANDEZ, LUCK and LINDSEY, JJ.

LUCK, J.

When a judgment-debtor files for bankruptcy, the federal bankruptcy code generally stays any actions seeking to collect from the debtor. But does the stay

preclude a trial court from impleading non-debtor third party defendants into a post-judgment supplementary proceeding? Here, we conclude it did not because the supplementary proceedings did not seek to void fraudulent transfers and the stay did not extend to the non-bankrupt codefendant. Thus, we affirm the judgment against the third party defendants.

*Factual Background and Procedural History*

In 2012, SJ Mak, LLC, a real estate investment firm, bought the notes and mortgages for several properties from P & S, Inc. and Notez, LLC. Pamela Manson was P & S's corporate director, and Shayeh Dov was Notez's director. Pamela and Shayeh were a couple, and the companies were located in their home. SJ Mak wired $143,000 to P & S, and $230,000 to Notez. But P & S and Notez never transferred the mortgages and notes to SJ Mak.

SJ Mak sued P & S and Notez for breach of contract and fraud. SJ Mak alleged P & S and Notez never owned the mortgages and notes they had sold, and instead pocketed SJ Mak's money with no intention of transferring them. P & S and Notez did not answer the amended complaint, and a default judgment was entered against them on July 26, 2014. The final judgment ordered P & S to pay $167,701.66 (including interest and attorneys' fees) and Notez to pay $261,188.34 (same).

2

SJ Mak tried to collect on the final judgment by moving to garnish P & S and Notez's money from the same Bank of America account where SJ Mak wired the money in 2012. Bank of America responded to the writ of garnishment that Notez's accounts had been closed since 2010 (before SJ Mak's agreement to purchase the mortgages and notes), and the bank had no current accounts for P & S and Notez. The account that SJ Mak wired in 2012 was the college student account for Shayeh and Pamela's daughter, Allura Dov.

On August 31, 2015, SJ Mak moved to commence supplementary proceedings against Shayeh, Pamela, their son and daughter (Shimon and Allura), and related entities P & S & Co. and PS Inc. The motion sought to pierce P & S and Notez's corporate veil, and hold the couple, their children, and the related entities liable for the final judgment.

While the supplementary proceedings motion was pending, on September 21, 2015, Notez filed a suggestion of bankruptcy explaining that the company had filed a voluntary petition under chapter seven of the bankruptcy code, and gave the case number. The suggestion also explained that "[t]he filing of the Petition in Bankruptcy operate[d] as an automatic stay against all actions, proceedings, and enforcement against the Defendants under 11 U.S.C. Section 362."

While Notez's bankruptcy case was pending, the trial court granted the motion to commence supplementary proceedings, ordered that the couple, their

children, and the related entities be impleaded as third party defendants in execution, and set the matter for a hearing on February 8, 2016 so the third party defendants could "be examined concerning their property." That hearing was later continued to February 11, 2016.

Notez's bankruptcy petition was dismissed on February 9, 2016, and the proceedings supplementary hearing went forward on February 11. SJ Mak's corporate representative, and another victim of P & S and Notez's fraud, testified. The third party defendants did not present any evidence. At the end of the hearing, the trial court concluded that the corporate veil had been pierced and entered judgment against the couple, holding them personally liable for the fraud.

The third party defendants appeal.

*Standard of Review*

"We review de novo the scope or applicability of the automatic stay under the Bankruptcy Code, 11 U.S.C. § 362, because it is a question of law." In re Palmdale Hills Prop., LLC, 654 F.3d 868, 875 (9th Cir. 2011).

*Discussion*

The third party defendants contend that the trial court erred: (1) by granting the proceedings supplementary motion and impleading them into the case because it violated the automatic bankruptcy stay; and (2) by piercing the corporate veil without sufficient evidence. We affirm without an extended discussion the trial

4

court's decision to pierce the corporate veil and hold the couple personally liable for the judgment against Notez and P & S. SJ Mak presented competent substantial evidence that Notez and P & S were Shayeh and Pamela's alter egos, and the couple used the companies to sell mortgages and notes they did not own in order to defraud SJ Mak and others. See Gasparini v. Pordomingo, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) ("To 'pierce the corporate veil' three factors must be proven: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." (quotation omitted)).

We also affirm the trial court's order granting the motion for proceedings supplementary and impleading the third party defendants. "The filing of a bankruptcy petition imposes an automatic stay under the United States Bankruptcy Code." Puig v. PADC Marketing, LLC, 26 So. 3d 45, 46 (Fla. 3d DCA 2009). Filing a bankruptcy petition operates as a stay of

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . .

5

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; [and] . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1), (3), (6).[1] The question here is whether the trial court's order impleading the third party defendants was precluded by the automatic stay.

It was not. Subsection (1) bars the commencement of a judicial action, and the issuance of process, "against the debtor." The trial court's order impleading the third party defendants did not include Notez, which was the entity that filed the bankruptcy petition. The impleaded third party defendants were the couple, their children, and related entities to P & S, all of which were not "the debtor" in the pending bankruptcy case.

Subsection (3) stays any acts a court may take to obtain possession or exercise control over the property of the bankruptcy estate. The order here impleading the third party defendants did not "obtain possession" or "exercise control over" Notez's property. The order merely granted the motion for proceedings supplementary; impleaded the couple, their children, and the related P & S entities; set a hearing date; and ordered that the impleaded third party

---

[1] There are other provisions of the bankruptcy stay statute but the third party defendants do not rely on them in this appeal.

defendants be served. The order did not enjoin or direct that anything be done with the property of any party.

Subsection (6), finally, stays any act by the courts to "collect, assess or recover a claim against the debtor" from before the bankruptcy. The order impleading the third party defendants did not seek to collect, assess, or recover anything against Notez. The order only impleaded nonparties into the case, ordered that they be given notice, and set a hearing. It was not until months later, when the bankruptcy stay had been lifted, that the trial court entered judgment against the impleaded parties.

The third party defendants respond that the bankruptcy stay extends to proceedings supplementary that seek to void fraudulent transfers. See In re Saunders, 101 B.R. 303, 306 (Bankr. N.D. Fla. 1989) (Section "362(a)(1) operates to stay a creditor with a claim against the debtor from commencing or continuing a fraudulent transfer action or from utilizing the process of another court, as is the situation in this case, to recover that claim from property that should have been available for levy and execution but for the transfer to a third party in fraud of creditors."). While the third party defendants are right on the law, the fraudulent-transfer rule doesn't apply here for two reasons. First, SJ Mak's proceedings supplementary motion did not seek to void a fraudulent transfer. There were no fraudulent transfers to void. SJ Mak's money went directly to the bank account of

7

Shayeh and Pamela's daughter; the money never went through debtor Notez. SJ Mak's proceedings supplementary motion sought to hold the third party defendants personally liable for the judgment and garnish their non-Notez assets. It did not seek to claw-back fraudulent transfers from Notez's bank account to the third party defendants. See Sanchez v. Renda Broadcasting Corp., 127 So. 3d 627, 629 (Fla. 5th DCA 2013) (explaining that a party may use proceedings supplementary to pierce the corporate veil, even where there is no allegation of fraudulent transfer). This is different from Saunders, and the other cases cited by the third party defendants,[2] where the judgment creditor sought to use Florida statutes to void fraudulent transfers. Sanders, 101 B.R. at 303 ("The specific provision followed by Professional is set forth at § 56.29(6)(b) Fla. Stat. which states . . . 'When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by defendant to delay, hinder or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution.'").

Second, the trial court's order did not void any transfers under the proceedings supplementary statute. The trial court simply put the third party defendants on notice of the supplementary proceedings and set a hearing date.

---

[2] E.g., In re Zwirn, 362 B.R. 536, 539 (Bankr. S.D. Fla. 2007) ("[A]ll courts appear to agree that commencing a bankruptcy case stays any state court fraudulent conveyance actions by a creditor . . . ." (emphasis omitted)).

That also is different than <u>Saunders</u>, where the federal bankruptcy court found the stay had been implicated because judgment was entered while the stay was in place.  <u>See</u> <u>id.</u> at 304 ("A final judgment memorializing this ruling was entered post-petition on February 23, 1989.").  Here, judgment against the third party defendants was not entered until <u>after</u> the automatic stay had been lifted.

The automatic stay in section 362(a) does not apply to the trial court's order impleading the third party defendants.  But even if the bankruptcy stayed the proceedings supplementary as to Notez, it did not stay the proceedings involving the same third party defendants as to Notez's codefendant, P & S.

"Although the scope of the automatic stay under section 362 is broad, the clear language of section 362(a) stays actions only against a 'debtor.'  The language of section 362 refers only to actions against the debtor and does not relate to any other interparty claims."  <u>Puig</u>, 26 So. 3d at 46-47 (citation omitted).  Here, the bankruptcy stay could not affect the proceedings supplementary as to Notez's codefendant, P & S, because P & S was not a debtor under the bankruptcy code.  The third party defendants were properly impleaded based on the allegations against P & S.

The third party defendants contend that the stay should be extended to P & S because there was such identity between debtor Notez and codefendant P & S that a judgment against P & S will in effect be a judgment against Notez.  The third

party defendants are correct that the stay may be extended to codefendants under "unusual circumstances . . . when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment and the third-party defendant will in effect be a judgment or finding against the debtor." Id. (quotation omitted). Trial courts are "authoriz[ed] [] to extend the automatic stay to non-bankrupt co-defendants" under these unusual circumstances. Id.

But here the third party defendants never asked the trial court to extend the automatic stay to P & S. The trial court cannot err by failing to exercise discretion it was never asked to exercise. We do not expect trial courts to read minds or make arguments for the parties. In our adversarial judicial system, it is the litigants' responsibility to ask the trial court for the relief they are seeking. Because P & S was not a bankruptcy debtor and did not move to extend the stay, the trial court did not err in granting the motion for proceedings supplementary, and impleading the third party defendants, as to P & S.

*Conclusion*

The trial court's order impleading the third party defendants did not violate the automatic bankruptcy stay, and competent substantial evidence supported the trial court's conclusion that the corporate veil had been pierced and Shayeh and

10

Pamela were personally liable for Notez and P & S's fraud.  We affirm the judgment against the couple.

Affirmed.

FERNANDEZ, J., concurs.
LINDSEY, J., concurs in result only.